UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL T. SWOPE,                              )
                 Petitioner,    )
    v.                                     )        Case No. 05-2301 RCL
                           )
UNITED STATES DEPARTMENT      )
OF JUSTICE, et al.                          )
                Respondent.    )

---

## DECLARATION OF DARYL J. KOSIAK

1. I, Daryl J. Kosiak, do hereby declare that I am a Regional Counsel for the United States Department of Justice, Federal Bureau of Prisons(BOP). My duty station is the North Central Regional Office (NCRO), located in Kansas City, Kansas. I have been employed with the BOP since August 1986, and employed in my current position since April 2000.

2. The plaintiff 's Complaint requests the Court to issue an Order "directing the defendants to disclose to plaintiff all of the transcribed reports maintained in its offices at the U.S. Medical Center in Springfield, Missouri regarding FOIA/PA No. 2005-05-90 Appeal No. 05-2071. The FOIA request submitted by the plaintiff was processed in the NCRO, and the plaintiff is currently confined at the Federal Medical Center (FMC) in Devens, Massachusetts, which is an institution within the Northeast Region.

3. The statements I make herein, are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties. I am familiar with the procedures followed by this office in responding to FOIA request filed by the plaintiff, Carl Swope, Register Number 27196-424. Attached hereto as Attachment A is a true and correct copy of plaintiff's SENTRY

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 2

Public Information Inmate Data.


4. On May 9, 2005, plaintiff filed a FOIA request with the BOP dated May 1, 2005. The

BOP assigned number 2005-05090 to this FOIA request. In this request, the plaintiff stated:

> I am requesting the following information under the FOIA/PA provision:
> Copies of all telephone conversation(s) recorded by the SIS Department here
> at the Medical Center for Federal Prisoners – 1900 West Sunshine,
> Springfield, Missouri 65807.
> The following is provided for better processing of this request:
> I want copies of transcribed conversation to the following people: Br.Bernard
> Wechsler, M.D. 7606 Seventh Ave., Brooklyn, NY 11209 (732) 441-0230
>
> Lucia, Vincent, Olympia, and Carmella Esposito, 67 East 77th Street, New
> York, New York 10021 (212) 744-6324.

Attached hereto as Attachment B is a true and correct copy of FOIA request 05-05090, submitted

by plaintiff.


5. The Bureau of Prisons maintains a temporary copy of telephone conversations as part of

the Telephone Activity Record System (JUSTICE/BOP-011). The Bureau temporarily retains taped

telephone conversations for 180 days pursuant to the Bureau's systems of record retention -

Authority N1-129-95-01, Correctional Services Audio Tapes of Monitored Inmate Telephone Call.

To use the system an inmate must prepare a proposed telephone list and sign an acknowledgment

form indicating he is aware the inmate telephone system is subject to monitoring.   There is also a

separate unmonitored procedure which may be used for calls to attorneys.  To allow use of the

monitored inmate telephone system, each inmate is issued a Phone Access Code (PAC). The PAC

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 3

allows an inmate to place calls to individuals on his approved telephone list. When an inmate places

a monitored call, the PAC initiates the generation of the data which is in the inmate's phone record,

his "telephone transactional data."


6. "Telephone transactional data" is the record of monitored calls placed by an inmate and

is retrievable by various search criteria.   Institutions can conduct a search of an inmate's telephone

record, i.e, transactional data, by using the inmate's register number, telephone number(s), and also

if specified by the requester, date of a specific call, or during a specific time frame.   Transactional

data will also include the time the call was initiated and its duration.   The recording of the relevant

call(s) identified from the transactional data is then retrieved and copied, if the recording has not yet

been destroyed.   The search at the Medical Center for Federal Prisoners (MCFP) Springfield was

conducted by using plaintiff's register number.   MCFP Springfield conducted a search for the calls

placed to the two telephone numbers (212) 744-6324 and (732) 441-0230, specified in the request.

Attached hereto as Attachment C is a true and accurate copy of the Telephone Number Usage

Search.


7. Bureau of Prisons staff may preserve or "lock" a call in audio format while conducting

an investigation to ensure that the call is not automatically destroyed at the 180 day retention period.

However, these calls are not transcribed.  Staff may make brief electronic notes of the conversation

in the database, but no transcription of the call is done.   Occasionally, calls may be preserved as

evidence for criminal prosecution. However, any transcripts of these calls would be done by another

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 4

law enforcement agency. [1]    Since the Bureau of Prisons does not create transcripts of telephone

tapes, the only format available for search would be in electronic audio form. MCFP Springfield

conducted a search for the taped telephone conversations. BOP tapes all calls placed on the inmate

telephone system (ITS) as part of its law enforcement duty to prevent criminal activity within the

institution and maintains these taped calls for approximately 180 days unless the call is preserved

as evidence for future criminal prosecutions in which case the tape would be maintained for a longer

period of time. Plaintiff was under investigation at MCFP Springfield for violations concerning

mail and telephone usage. MCFP Springfield staff had "locked" or marked for preservation

plaintiff's calls during their investigation. Because these calls had been "locked", forty-five (45)

calls to these numbers were preserved during the investigation at MCFP Springfield. Thus, at the

time of the FOIA request, these specific calls were available to be copied and were not destroyed.


    8.   BOP is a law enforcement agency , and is considered such pursuant to various statutes,

including the Federal Tort Claims Act, 28 U.S.C. § 2680(h), and the Federal Employees Retirement

System, 5 U.S.C. § 8401 (17)(D)(I). BOP employees perform inherently law enforcement functions.

They possess the authority to make arrests, 18 U.S.C. § 3050; seize evidence, 18 U.S.C. § 4012; and

---

[1] In McMillan v. Federal Bureau of Prisons, Mike Bredenberg, staff attorney at the Federal
Bureau of Prisons Butner Legal Center, provided a declaration that also states that the telephone
conversations are not transribed in the ordinary course of monitoring calls. Mr. Bredenberg stated that a
transcript is made only if BOP has an investigative need for a transcript of a particular call. Mr.
Bredenberg did not go into detail on who or how a transcript is made only that a transcript may be made
in certain circumstances. Usually, the transcript would be made by another law enforcement agency,
such as the FBI, ATF or DEA. For BOP administrative discipline or internal investigations purposes,
only brief summarized information would be noted electronically in the database, if applicable.

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 5

execute searches on inmates and visitors to the institution, 28 C.F.R. § 511.10-511.12, 552.10-552.14. Indeed, BOP is the primary law enforcement agency responsible for enforcing criminal statutes with respect to the prison population of inmates, and more broadly, BOP is responsible for protecting inmates, staff, and the community from the possible criminal actions of incarcerated inmates. See 18 U.S.C. § 4042.

9. Bureau staff continue to work with other Federal, state, and local law enforcement staff to identify threats to institution security and reduce crime in the community. In addition to identifying the activities of inmates coming into or already in Bureau custody, the intelligence officers maintain active liaison relationships with the FBI Joint Terrorism Task Forces throughout the country. BOP is also a member of the National Joint Terrorism Task Force. The interagency intelligence sharing continues and has proven beneficial to gaining valuable intelligence regarding gang activity, drug trafficking, and terrorism. The BOP monitors the inmate population closely and continuously to detect criminal activity, such as arranging drug transactions, escapes, conducting an illegal business, or threatening witnesses. Inmates have also attempted to circumvent telephone monitoring procedures by placing third party calls or talking in code to prevent detection. Random monitoring of the calls and internal investigations may reveal the need to identify or maintain specific recordings beyond the required time frame to preserve them as evidence for future criminal prosecutions and/or administrative disciplinary actions.

10. Through random telephone monitoring, it may be possible for BOP to prevent

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 6

introduction of contraband into the institution and other criminal activity previously listed. By

making inmates aware of the telephone monitoring, BOP also creates a disincentive to use the

telephones to facilitate criminal activity. BOP has historically obtained important evidence of

criminal activity from monitoring and recording inmate telephone calls. The information is real-

time, first-hand, and comes from a population disproportionately likely to commit crimes. The

information is not particularly useful for BOP's other missions, such as responding to particular

needs of individual inmates, nor does the information gathered from inmate calls have much utility

to BOP generally, except as the information may relate to law enforcement purposes of investigating

and deterring crime and protecting the safety of the prison population, BOP staff, and the

community. The information is maintained apart from BOP's Central Inmate File, and is

periodically searched by BOP staff and other law enforcement agencies; these searches most

frequently involve investigations of crime or possible crime committed by BOP inmates.


11. By letter dated May 31, 2005, plaintiff was advised that his access to the requested

telephone tapes were denied under Exemption (b)(7)(A) of FOIA. The plaintiff was also advised that

the requested telephone tapes were being withheld under (b)(7)(E), however, this was inadvertent

and this exemption was not appropriate to this issue. Additionally, plaintiff should have been

advised that we do not create transcripts in the normal course of business. This was an inadvertent

omission as our response to FOIA requests for phone transcripts normally include this language. The

plaintiff was advised that if dissatisfied with this response, he could appeal to the Office of

Information and Privacy (OIP). Attached hereto is as Attachment D is a true and correct copy of

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 7

response letter dated May 31, 2005.


12. The plaintiff's appeal was received by OIP on September 19, 2005, and was assigned appeal number 05-2071. Attached hereto as Attachment E is a true and correct copy of appeal number 05-2071, submitted by plaintiff.


13. OIP, after consultation with BOP, determined it was appropriate to withhold the phone conversations under (b)(7)(C). Attached hereto is as Attachment F is a true and correct copy of OIP decision letter dated September 19, 2005. Additionally, OIP informed the plaintiff that withholding the phone conversations under (b)(7)(A) was no longer appropriate because the investigation into the plaintiff's actions at (MCFP) Springfield had concluded. Attached hereto is as Attachment G is a true and correct copy of internal messages maintained in the FOIA file between staff at NCRO and MCFP Springfield regarding the status of the investigation.


14. To invoke Exemption (b)(7)(C), the BOP must be able to demonstrate that records were compiled for law enforcement purposes. In this case, the telephone recordings were compiled for law enforcement purposes during the course of its performance of its law enforcement functions of protecting inmates, staff, and the community. The telephone recordings requested by plaintiff are part of the Telephone Activity Record System (JUSTICE/BOP-011). The Attorney General, as authorized by 5 U.S.C. § 552a(j)(2), has promulgated rules at 28 C.F.R. § 16.97, exempting these records from the Privacy Act's (PA) access provisions. Consequently, the telephone recordings are

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 8

considered essential to the BOP's law enforcement functions.

15. Exemption (b)(7)(C) of FOIA exempts from mandatory release, records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The information withheld from the plaintiff pursuant to (b)(7)(C), which was compiled by the BOP as part of its law enforcement mandate, consists of personal information regarding a third party.

16. Deciding whether access to the taped calls should be provided, the privacy rights of a third party must be taken into consideration. Title 28 C.F.R. § 540.102 provides: "The Warden must provide notice to the **inmate** of the potential for monitoring. Staff may not monitor an inmate's properly placed call to an attorney. The Warden shall notify an inmate of the proper procedures to have an unmonitored telephone conversation with an attorney." Inmates are made aware during admission and orientation that unless they request access to an unmonitored phone for an attorney call, the call will be monitored. In addition, BOP policy requires that a notice is placed at all monitored telephone locations. Attached hereto as Attachment H is a true and correct copy of Program Statement 5264.07, Telephone Regulations for Inmates.

17. On the other hand, the third party involved in the telephone call is usually not aware that the call is being monitored. A third party is notified at MCFP Springfield that the call is from a federal prison. However, there is not any notification that the call is being monitored or recorded.

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 9

This demonstrates that the third party was most likely unaware of the call being monitored.  Thus,

release of the recorded telephone calls would constitute an invasion of personal privacy because this

party did not have knowledge of the monitoring and did not give consent for its release.  Normally,

BOP would advise a FOIA requester that if he can obtain a written consent from the other parties on

the phone call, indicating that they were a party to this call and do not object to their recorded

statements being released to them, we would  reconsider our release determination.  The signature

of the other party must be either witnessed, notarized or signed under penalty of perjury.  Plaintiff

was not advised of this option in the decision by OIP.

18.    The BOP does not have the capability to reasonably segregate portions of the

conversation from the recording.  These calls were recorded into the Inmate Telephone System (ITS-

II), which saves the conversations into a .wav computer format.[2] While this format offers advantages

to the BOP for copying and transferring recorded calls, the system does not provide a means to

download the computer files to a cassette tape.  The BOP has no need for the system to have such

a capability.  Unfortunately, the BOP's only way to edit calls is when they have been recorded by

the old telephone system onto a cassette tape.  Consequently, the recording he requested cannot be

reasonably segregated.

19.  If the BOP could segregate, providing the recorded telephone conversations could

provide the plaintiff with an opportunity to alter the recordings which could then be used to the

---

[2] A Wave file is an electronic digital audio file format.  The Bureau of Prisons only has
equipment and the capability to segregate an analog type format, i.e. cassette tape.  The Bureau of Prisons
should not be required to obtain new equipment to process a FOIA request.

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 10

detriment of the other parties reputation. Also, release of recorded telephone conversations could stigmatize the reputation of an individual mentioned in a law enforcement file.

20. A further step in determining whether there would be a "clearly unwarranted invasion of personal privacy" is to balance the interests of protecting an individual's privacy and the public's right to information concerning the operation or activities of the government. In this case, release of the taped telephone conversations between the plaintiff and a third party will in no way shed light on any illegal government activities. The privacy rights of the third party in this case far outweigh any public interest in the release of the tapes. In fact, the only interest that would be served by the release of the tapes would be the plaintiff's. The tapes should be legitimately withheld under Exemption (b)(7)(C).

21. Each step in the handling of the plaintiff's FOIA request has been consistent with the BOP's and the Department of Justice's procedures which were adopted to ensure equitable responses to all persons seeking access to records under FOIA/PA.

22. As previously stated, staff may make brief electronic notes of the conversation in the database, but no transcription of the call is done. Although these notations are not transcripts of any conversation, I have requested MCFP Springfield staff provide any electronic notes maintained in their database and we will process these records as soon as possible. Additionally, we will advise plaintiff that if he obtains a consent from the other parties, we will reconsider our determination.

Carl Swope v. United States Department of Justice, et al.
Kosiak Declaration
Page 11

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and

correct to the best of my knowledge, information, and belief.

Executed this 6th day of February 2006.

Daryl J. Kosiak
Regional Counsel
North Central Regional Office
Kansas City, Kansas

**ATTACHMENT A**

```
NCRTK          *         PUBLIC INFORMATION        *      01-13-2006
PAGE 001       *            INMATE DATA            *      09:20:45
                          AS OF 01-13-2006

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                    RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 978-796-1000    FAX: 978-796-1118
                                               RACE/SEX...: WHITE / MALE
FBI NUMBER.: 958333FA5                         DOB/AGE....: 08-06-1969 / 36
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 10-09-2007                        PAR HEAR DT:
---------------------------- ADMIT/RELEASE HISTORY ----------------------------

FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME  STOP  DATE/TIME

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-28-2005 2228 CURRENT
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 12-25-2005 1939 12-28-2005 2228

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-11-2005 1325 12-25-2005 1939

DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 12-10-2005 1303 12-11-2005 1325

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 11-18-2005 1115 12-10-2005 1303

DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 11-18-2005 0755 11-18-2005 1115

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-31-2005 1337 11-18-2005 0755

DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 10-31-2005 0755 10-31-2005 1337

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 09-12-2005 2117 10-31-2005 0755

DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 09-10-2005 1346 09-12-2005 2117

DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 06-21-2005 2124 09-10-2005 1346

4-U    RELEASE    RELEASED FROM IN-TRANSIT FACL  06-21-2005 2124 06-21-2005 2124

4-U    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-21-2005 1502 06-21-2005 2124

SPG    TRANSFER   TRANSFER                       06-21-2005 1402 06-21-2005 1402

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-17-2004 1159 06-21-2005 1402

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 12-17-2004 1157 12-17-2004 1159

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-17-2004 1138 12-17-2004 1157

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 12-17-2004 0837 12-17-2004 1138

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL 11-09-2004 1140 12-17-2004 0837

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 11-09-2004 1033 11-09-2004 1140

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-29-2004 0947 11-09-2004 1033

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 10-29-2004 0832 10-29-2004 0947

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-14-2004 1437 10-29-2004 0832
```

```
SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    10-14-2004 0830 10-14-2004 1437

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    10-01-2004 1351 10-14-2004 0830

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    10-01-2004 1240 10-01-2004 1351

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    09-14-2004 1420 10-01-2004 1240

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    09-14-2004 1259 09-14-2004 1420

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    09-07-2004 0945 09-14-2004 1259

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    09-07-2004 0812 09-07-2004 0945

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    08-30-2004 1027 09-07-2004 0812

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    08-30-2004 0730 08-30-2004 1027

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    07-19-2004 1026 08-30-2004 0730

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    07-19-2004 0845 07-19-2004 1026

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    06-15-2004 1356 07-19-2004 0845

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    06-15-2004 1155 06-15-2004 1356


G0002      MORE PAGES TO FOLLOW . . .




  NCRTK       *       PUBLIC INFORMATION       *       01-13-2006
PAGE 002      *          INMATE DATA           *       09:20:45
                       AS OF 01-13-2006

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 978-796-1000   FAX: 978-796-1118
SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    04-06-2004 1139 06-15-2004 1155

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    04-06-2004 1015 04-06-2004 1139

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    03-25-2004 1731 04-06-2004 1015

SPG    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN    03-25-2004 0723 03-25-2004 1731

SPG    A-DES      DESIGNATED, AT ASSIGNED FACIL    03-09-2004 0800 03-25-2004 0723

4-U    RELEASE    RELEASED FROM IN-TRANSIT FACL    03-09-2004 0900 03-09-2004 0900
```

```
4-U    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-04-2004 0945 03-09-2004 0900

SPG    STATE WRIT  RELEASE ON STATE WRIT          03-04-2004 0845 03-09-2004 0800

SPG    A-DES       DESIGNATED, AT ASSIGNED FACIL  10-27-2003 0801 03-04-2004 0845

SPG    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   10-27-2003 0800 10-27-2003 0801

SPG    A-HLD       HOLDOVER, TEMPORARILY HOUSED   09-30-2003 1232 10-27-2003 0800

SPG    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   09-30-2003 1231 09-30-2003 1232

SPG    A-PRE       PRE-SENT ADMIT, ADULT          09-30-2003 1230 09-30-2003 1231

SPG    PRE REMOVE  PRE SENT DETAINEE REMOVED      09-18-2003 1310 09-30-2003 1230

SPG    A-PRE       PRE-SENT ADMIT, ADULT          09-09-2003 1116 09-18-2003 1310

SPG    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   09-09-2003 1115 09-09-2003 1116

SPG    A-DES       DESIGNATED, AT ASSIGNED FACIL  09-09-2003 1114 09-09-2003 1115

SPG    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  09-09-2003 0954 09-09-2003 1114

SPG    A-PRE       PRE-SENT ADMIT, ADULT          08-25-2003 0930 09-09-2003 0954
SPG    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   08-25-2003 0929 08-25-2003 0930

SPG    A-DES       DESIGNATED, AT ASSIGNED FACIL  08-25-2003 0928 08-25-2003 0929

SPG    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  08-25-2003 0735 08-25-2003 0928

SPG    A-PRE       PRE-SENT ADMIT, ADULT          08-22-2003 1148 08-25-2003 0735

SPG    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  08-22-2003 0824 08-22-2003 1148

SPG    A-PRE       PRE-SENT ADMIT, ADULT          08-06-2003 0828 08-22-2003 0824

SPG    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  08-06-2003 0736 08-06-2003 0828

SPG    A-PRE       PRE-SENT ADMIT, ADULT          07-02-2003 1302 08-06-2003 0736

SPG    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   07-02-2003 1147 07-02-2003 1302

SPG    A-DES       DESIGNATED, AT ASSIGNED FACIL  07-02-2003 1105 07-02-2003 1147

2-L    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-02-2003 1205 07-02-2003 1205

2-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-30-2003 1026 07-02-2003 1205

CST    ADMIN REL   ADMINISTRATIVE RELEASE         06-30-2003 0926 06-30-2003 0926

CST    A-ADMIN     ADMINISTRATIVE ADMISSION       06-30-2003 0905 06-30-2003 0926

2-L    RELEASE     RELEASED FROM IN-TRANSIT FACL  06-30-2003 1005 06-30-2003 1005

2-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-28-2003 1046 06-30-2003 1005

CST    ADMIN REL   ADMINISTRATIVE RELEASE         04-28-2003 0946 04-28-2003 0946

CST    A-ADMIN     ADMINISTRATIVE ADMISSION       04-28-2003 0751 04-28-2003 0946
```

```
CST   ESCAPE    ESCAPE              12-05-2002 1230 04-28-2003 0751




G0002      MORE PAGES TO FOLLOW . . .
```

```
   NCRTK        *        PUBLIC INFORMATION        *     01-13-2006
 PAGE 003       *           INMATE DATA            *     09:20:45
                          AS OF 01-13-2006

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 978-796-1000    FAX: 978-796-1118
PRE-RELEASE PREPARATION DATE: 05-01-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-09-2007 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------


COURT OF JURISDICTION..........: MISSOURI, EASTERN DISTRICT
DOCKET NUMBER..................: 4:03CR30CEJ
JUDGE..........................: JACKSON
DATE SENTENCED/PROBATION IMPOSED: 09-25-2003
DATE COMMITTED.................: 09-25-2003
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00         $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $3,445.56

------------------------CURRENT OBLIGATION NO: 010 ------------------------

OFFENSE CODE....:  112
OFF/CHG: CT 1: ESCAPE FROM CUSTODY 18 USC 751(A)    CT 2: MISUSE OF
         SOCIAL SECURITY NUMBER 41 USC 408(A)(7)(B)   60 MTH CONCUR

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   60 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
```

DATE OF OFFENSE................: 12-05-2002

G0002      MORE PAGES TO FOLLOW . . .

```
  NCRTK        *        PUBLIC INFORMATION        *      01-13-2006
PAGE 004       *           INMATE DATA           *      09:20:45
                         AS OF 01-13-2006
```

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

```
              RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 978-796-1000    FAX: 978-796-1118
-------------------------CURRENT COMPUTATION NO: 040 -------------------------
```

COMPUTATION 040 WAS LAST UPDATED ON 12-13-2005 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 050 010

```
DATE COMPUTATION BEGAN..........: 09-25-2003
TOTAL TERM IN EFFECT............:   60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 12-05-2002

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    04-27-2003   09-24-2003

TOTAL PRIOR CREDIT TIME.........: 151
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 200
TOTAL GCT EARNED................: 101
STATUTORY RELEASE DATE PROJECTED: 10-09-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-26-2008
```

```
PROJECTED SATISFACTION DATE.....: 10-09-2007
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
  NCRTK         *        PUBLIC INFORMATION        *    01-13-2006
PAGE 005         *           INMATE DATA           *    09:20:45
                            AS OF 01-13-2006

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                  RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-26-2003 VIA GCT REL

----------------------PRIOR JUDGMENT/WARRANT NO: 030 ----------------------


COURT OF JURISDICTION...........: MISSOURI, EASTERN DISTRICT
DOCKET NUMBER...................: S1-4:96CR253DJS
JUDGE...........................: STOHR
DATE SENTENCED/PROBATION IMPOSED: 01-02-1997
DATE SUPERVISION REVOKED........: 01-21-2000
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 02-14-2000
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------

OFFENSE CODE....: 156
OFF/CHG: 18:1029(A)(2) & 2 U/A USE CREDIT CARD DEVICES EXCESS OF $1000
         18:1344 & 2 BANK FRAUD CT1S,2S

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:    14 MONTHS
 TERM OF SUPERVISION............:    22 MONTHS
 DATE OF OFFENSE................: 08-03-1996

-----------------------PRIOR JUDGMENT/WARRANT NO: 040 -----------------------

COURT OF JURISDICTION...........: MISSOURI, EASTERN DISTRICT
DOCKET NUMBER...................: 4:00CR27CAS
JUDGE...........................: SHAW
DATE SENTENCED/PROBATION IMPOSED: 04-06-2000
DATE COMMITTED..................: 04-06-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00       $00.00

G0002      MORE PAGES TO FOLLOW . . .

   NCRTK          *          PUBLIC INFORMATION        *     01-13-2006
 PAGE 006         *             INMATE DATA            *     09:20:45
                                AS OF 04-26-2003

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                  RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000   FAX: 978-796-1118
RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $38,071.69

-------------------------PRIOR OBLIGATION NO: 010 -------------------------

OFFENSE CODE....: 156
OFF/CHG: 18:1344 BANK FRAUD CT1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS

```
TERM OF SUPERVISION............: 5 YEARS
DATE OF OFFENSE................: 12-01-1999

-------------------------PRIOR COMPUTATION NO: 030 -------------------------


COMPUTATION 030 WAS LAST UPDATED ON 04-28-2003 AT CST AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010, 040 010

DATE COMPUTATION BEGAN..........: 01-21-2000
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    44 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS      8 MONTHS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 08-03-1996


JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     10-21-1999    10-21-1999
                                     11-05-1999    11-05-1999
                                     12-04-1999    01-20-2000


INOPERATIVE TIME.........: REASON    FROM DATE     THRU DATE
                           ESCAPE    12-06-2002    01-12-2003
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
 NCRTK         *          PUBLIC INFORMATION       *    01-13-2006
PAGE 007       *             INMATE DATA           *    09:20:45
                          AS OF 04-26-2003

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                   RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
TOTAL PRIOR CREDIT TIME.........: 50
TOTAL INOPERATIVE TIME..........: 38
```

```
TOTAL GCT EARNED AND PROJECTED..: 135
TOTAL GCT EARNED................: 135
STATUTORY RELEASE DATE PROJECTED: 04-26-2003
SIX MONTH /10% DATE.............: 12-28-2002
EXPIRATION FULL TERM DATE.......: 09-08-2003


ACTUAL SATISFACTION DATE........: 04-26-2003
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CST
ACTUAL SATISFACTION KEYED BY....: RKC

DAYS REMAINING..................: 135
FINAL PUBLIC LAW DAYS...........: 0
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
  NCRTK        *       PUBLIC INFORMATION      *      01-13-2006
PAGE 008       *          INMATE DATA          *      09:20:45
                        AS OF 08-06-1999

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS
```

RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  08-06-1999 VIA GCT REL

----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: MISSOURI, EASTERN DISTRICT
DOCKET NUMBER...................: S1-4:96CR253 DJS
JUDGE...........................: STOHR
DATE SENTENCED/PROBATION IMPOSED: 01-02-1997
DATE COMMITTED..................: 02-08-1997
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00         $00.00        $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------

OFFENSE CODE....:  157
OFF/CHG: 18:1029(A)(2) & 2 U/A USE OF CREDIT CARD DEVICES IN EXCESS OF
         $1000 CT 1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   41 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 08-03-1996

-------------------------PRIOR OBLIGATION NO: 020 -------------------------

OFFENSE CODE....:  156
OFF/CHG: 18:1344 & 2 BANK FRAUD CT 2

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   41 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 08-03-1996

G0002      MORE PAGES TO FOLLOW . . .

```
   NCRTK          *         PUBLIC INFORMATION        *      01-13-2006
 PAGE 009         *             INMATE DATA           *      09:20:45
                             AS OF 08-06-1999

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

                   RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

-------------------------PRIOR COMPUTATION NO: 020 -------------------------


COMPUTATION 020 WAS LAST UPDATED ON 11-19-1998 AT WAS AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010, 020 020

DATE COMPUTATION BEGAN..........: 01-02-1997
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    41 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS       5 MONTHS
AGGREGATED TERM OF SUPERVISION..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 08-03-1996

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                      08-03-1996    01-01-1997

TOTAL PRIOR CREDIT TIME.........: 152
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 147
TOTAL GCT EARNED................: 134
STATUTORY RELEASE DATE PROJECTED: 08-07-1999
SIX MONTH /10% DATE.............: 04-20-1999
EXPIRATION FULL TERM DATE.......: 01-01-2000


ACTUAL SATISFACTION DATE........: 08-06-1999
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CST
ACTUAL SATISFACTION KEYED BY....: DKW

DAYS REMAINING..................: 147
FINAL PUBLIC LAW DAYS...........: 1




G0002       MORE PAGES TO FOLLOW . . .
```

```
   NCRTK        *        PUBLIC INFORMATION        *    01-13-2006
PAGE 010        *           INMATE DATA            *    09:20:45
                         AS OF 12-11-1996

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

             RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-11-1996 VIA STDY CMPLT

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------


COURT OF JURISDICTION...........: MISSOURI, EASTERN DISTRICT
DOCKET NUMBER...................: 4:96CR00253 DJS
JUDGE...........................: DAVIS
DATE SENTENCED/PROBATION IMPOSED: 10-03-1996
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 10-31-1996
HOW COMMITTED...................: 4241 THRU 4245 STUDY OR EXAM
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 --------------------------

OFFENSE CODE....: 157
OFF/CHG: CREDIT CARD FRAUD

  SENTENCE PROCEDURE.............: 4241 DETERM MENTAL COMPETENCY FOR TRIAL
  SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
  STUDY LENGTH...................:   30 DAYS
  DATE OF OFFENSE................: 01-01-1800
```

G0002     MORE PAGES TO FOLLOW . . .

```
  NCRTK        *          PUBLIC INFORMATION        *     01-13-2006
PAGE 011 OF 011 *            INMATE DATA            *     09:20:45
                            AS OF 12-11-1996
```

REGNO..: 27196-424 NAME: SWOPE, CARL THOMAS

```
                   RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
--------------------------PRIOR COMPUTATION NO: 010 --------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 11-04-1996 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 10-31-1996
TOTAL TERM IN EFFECT............:    30 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    30 DAYS
EARLIEST DATE OF OFFENSE........: 01-01-1800

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: N/A

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 12-11-1996
ACTUAL SATISFACTION METHOD......: STDY CMPLT
ACTUAL SATISFACTION FACILITY....: SPG
ACTUAL SATISFACTION KEYED BY....: RGF

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0

G0000        TRANSACTION SUCCESSFULLY COMPLETED

**ATTACHMENT B**

05—5090

*C. Thomas Swope*
*P. O. Box 4000*
*Springfield, MO*
*carltswope@yahoo.com*

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

MAY X 9 2005

RECEIVED

27196—424

May 1, 2005

Federal Bureau of Prisons
Central Office
**Freedom of Information Act/Privacy Acts Section**
320 First Street
Washington, D.C.  -20534-

In Re:   Freedom of Information Request

Greetings:

I am requesting the following information under the FOIA/PA
provision:

1)      Copies of all telephone conversation(s) recorded by
        the SIS Department here at the Medical Center for
        Federal Prisoners--1900 West Sunshine, Springfield,
        Missouri 65807.

The following is provided for better processing of this request:

        I want copies of transcribed conversation to the
        following people:  Dr. Bernard Wechsler, M.D.
        7606 Seventh Avenue, Brooklyn, NY  11209  (732)
        441-0230

        Lucia, Vincent, Olympia, and Carmella Esposito
        67 East 77th Street, New York, New York  10021
        (212) 744-6324

This facility has alleged I have violated the security and good
order of the institution.  They have restricted access to
phone numbers that I have not had a problem calling before so
I want copies of all transcribed report(s)/document(s) that
relate to the above people/number(s).  Transcribed report(s)
should be contained in the SIS office here at M.C.F.P. and in
the LT'S office as well.

Should you deny any part of this request I wish to know the
reason why and where I can appeal the denial of said information.
Please advise upon receipt of this request as required by 228 C.F.R.
**16.3 filing of FOIA/PA Request.**

FOIA/PA Request
May 1, 2005
Page -2-


Form DOJ-361 is provided for the processing of this request.

Respectfully submitted,

Carl T. Swope, 27196-424

CTS

Enclosure

xc:      Terri Drew, Attorney
         Flora Edwards, Attorney
         Legal Office, Mr. Bitz (Attorney)
         File

**ATTACHMENT C**

**INTRUDR** Inmate Trust Fund Digital Recorder

| Play | Reg No | Name | Date Time | Number Called | Dura |
|------|--------|------|-----------|---------------|------|
| 📞 | 27196424 | SWOPE, CARL | 4/19/2005 10:39:21 AM | 2127446324 | |
| 📞 | 27196424 | SWOPE, CARL | 4/18/2005 6:41:19 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 4/17/2005 3:35:44 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 4/10/2005 10:16:37 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 4/6/2005 6:17:16 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/30/2005 7:15:24 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/25/2005 5:56:17 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/22/2005 9:36:00 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/17/2005 9:41:39 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/11/2005 4:46:07 PM | 2127446324 | |
| 📞 | 27196424 | SWOPE, CARL | 3/6/2005 4:52:29 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 3/5/2005 2:27:03 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 2/24/2005 8:32:32 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 2/20/2005 4:38:01 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 2/9/2005 6:39:41 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 2/2/2005 7:30:23 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 1/28/2005 7:04:03 AM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 1/25/2005 6:05:10 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 1/24/2005 7:56:55 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 1/12/2005 8:35:58 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 1/4/2005 8:31:12 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/31/2004 5:24:15 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/28/2004 8:23:53 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/21/2004 5:22:35 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/14/2004 9:53:18 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/9/2004 8:41:23 PM | 7324410230 | |
| 📞 | 27196424 | SWOPE, CARL | 12/5/2004 6:10:35 PM | 7324410230 | |

| | | | | |
|---|---|---|---|---|
| | 27196424 | SWOPE, CARL | 12/4/2004 3:09:58 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 12/4/2004 1:36:22 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 12/2/2004 7:42:22 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/24/2004 6:30:17 AM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/17/2004 7:35:36 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/14/2004 10:35:44 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/10/2004 8:37:13 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/5/2004 6:32:49 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/3/2004 8:27:23 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/2/2004 8:01:54 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 11/1/2004 8:21:12 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/28/2004 7:45:08 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/26/2004 9:41:14 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/25/2004 7:36:21 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/24/2004 3:27:51 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/8/2004 6:10:58 PM | 2127446324 |
| | 27196424 | SWOPE, CARL | 10/8/2004 4:54:49 PM | 7324410230 |
| | 27196424 | SWOPE, CARL | 10/2/2004 11:21:00 AM | 7324410230 |

Designed and developed by
Advanced Technologies Group, Inc. 

**ATTACHMENT D**



**U.S. Department of Justice**

Federal Bureau of Prisons

_North Central Regional Office_

---

_400 State Avenue_
_Tower II, Suite 800_
_Kansas City, KS 66101_

May 31, 2005

Carl Swope
Register No. 27196-424
MCFP - Springfield
P.O. Box 4000
Springfield, MO 65801

Information Request No. 05-5090

Dear Mr. Swope:

This is in response to the above referenced information request. Specifically, you request copies of the transcripts of your phone conversations with Dr. Bernard Wechsler (732) 441-0230 and Lucia, Vincent, Olympia, and Carmella Esposito (212) 744-6324.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that these records may not be released to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), the records are exempt from disclosure to you under the following exemptions:

(b)(7)(A)- could reasonably be expected to interfere with enforcement proceedings
(b)(7)(E) - discloses investigative techniques and procedures

If you are dissatisfied with my response, you may appeal to the Assistant Attorney
General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45 by
filing a written appeal within 60 days from the date of this letter.  Both the appeal letter
and face of the envelope should be marked "Freedom of Information Act Appeal," and
should be addressed to the Office of Information and Privacy, U.S. Department of
Justice, FLAG Bldg. Suite 570, Washington, D.C. 20530.


Sincerely,


Daryl Kosiak
Regional Counsel

**ATTACHMENT E**

rec'd 6-17-05

05-2071

Carl T. Swyer, 27176-424
U.S. Medical Center
P.O. Box 4000
Springfield, MO 65801

OFFICE OF INFORMATION
AND PRIVACY

JUN 17 2005

RECEIVED

June 10, 2005

IN RE: #05-5090 Freedom of Information Act Appeal

You cite two (2) reasons for denying access to these transcribed report/records. Neither make sense.

I have seen reports like these and they only show the time the call was placed, to whom, the number assigned to the phone, And the transcribed conversation along with length of call time it does not describe the technique, however, the Code of Federal Regulation gives more information on that subject. As to enforcement proceedings, to my knowledge, no active law enforcement investigation is going on and if so, this information would fall under the Fed Rules of Discovery and would be released anyway.

Release these transcribed records or I will appeal the notice in Court. I believe a U.S. Judge will order the production of them in full without redaction. As I am a party to the conversation I have a right to authorize the release

Respectfully

n. n Carl Swyer

**ATTACHMENT F**

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*    **RECEIVED**

SEP 2 3 2005

LEGAL
NORTH CENTRAL REGIONAL OFFICE

SEP 1 9 2005

Mr. Carl T. Swope
Register No. 27196-424
Federal Medical Center                    Re:    Appeal No. 05-2071
Post Office Box 879                                Request No. 2005-05090
Ayer, MA   01432                                   RLH:BVE:NSQ

Dear Mr. Swope:

     You appealed from the action of the North Central Regional
Office of the Federal Bureau of Prisons on your request for access to
copies of transcribed telephone conversations between you and third
parties.

     The record you requested is exempt from the access provision of
the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See
28 C.F.R. § 16.97 (2004).  Because this record is not available to
you under the Privacy Act, your request has been reviewed under the
Freedom of Information Act in order to afford you the greatest
possible access to the record you requested.

     The BOP has advised me that 5 U.S.C. § 552(b)(7)(A), which
pertains to records or information compiled for law enforcement
purposes, the release of which could reasonably be expected to
interfere with enforcement proceedings, is no longer appropriate to
withhold the requested records in their entireties.  However the BOP,
has asserted other statutory exemptions to withhold the requested
records from you.

     Following discussions between the BOP and a member of my staff,
I have determined that the BOP properly withheld the portions of the
recorded conversations that contain statements made by a third party
because these statements are protected from disclosure under the FOIA
pursuant to 5 U.S.C. § 552(b)(7)(C).  This provision concerns records
or information compiled for law enforcement purposes, the release of
which could reasonably be expected to constitute an unwarranted
invasion of the personal privacy of third parties.  I have determined
that this information is not appropriate for discretionary release.

-2-

Regarding your portion of the taped conversations, I have determined that this material is exempt from disclosure and cannot be provided to you.  See <u>McMillian v. Fed. Bureau of Prisons</u>, No. 03-1210, slip op. at 15 (D.D.C. July 23, 2004)(no portions could be segregated for release because all portions are inextricably intertwined and would invade the privacy of third parties).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,


Richard L. Huff
Co-Director

Case 1:05-cv-02301-RCL     Document 10-2     Filed 03/01/2006     Page 41 of 41

**From:**      Michael Cupp
**To:**        Stine, Toi
**Date:**      5/18/2005 8:39:16 AM
**Subject:**   Re: SWOPE, T., Reg. No. 27196-424

Toi,
Inmate Swope is currently under investigation by the Springfield SIS office for circumventing the inmate telephone and mail.  These telephone conversations are part of the current investigation.