UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL T. SWOPE,              )<br>                    Plaintiff,   )<br>v.                              )   Case No. 05-2301 (RCL)<br>                              )<br>UNITED STATES DEPARTMENT      )<br>OF JUSTICE, et al.            )<br>                    Defendant. ) | |

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTIONS FOR DISCOVERY AND OTHER RELIEF

Defendant, by its undersigned attorneys, submits the following memorandum in opposition to plaintiff's:

- Motion for appointment of counsel (Docket #12)
- Motion for production of documents and request for extension of time . . . (Docket # 13)
- Motion for leave to take interrogatories from Defendant (Docket #15).

In addition defendant requests that the Court quash the Notice of Deposition (Docket #14) issued by plaintiff for the deposition of a prison investigator.

### INTRODUCTION

The plaintiff is an inmate who was confined at the Medical Center for Federal Prisoners in Springfield, Missouri. Complaint Ex. 3.

The plaintiff has filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act (PA), 5 U.S.C. § 552a. See plaintiff's complaint. The plaintiff seeks copies of recordings and transcripts of recordings of all of his telephone conversations at two telephone numbers with Dr. Bernard Wechsler and Lucia, Vincent, Olympia, and Carmella Esposito.

On March 1, 2006, defendant filed a motion for summary judgment (Docket no. 10).

# ARGUMENT

**Plaintiff's requests for discovery should be denied**

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:

(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The movant must show a good reason to be granted relief. See Donofrio v. Camp, 470 F.2d 428, 431 (D.C. Cir 1972)("The judge may also deny summary judgment where the adverse party shows the necessary facts exist but for some good reason he can not produce them on the motion.") The court in Dyson v. Winfield ,113 F.Supp.2d 35, 42-43 (D.D.C. 2000) further explained:

> Rule 56(f) recognizes the essentiality of discovery in defending a summary judgment motion. It "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The thrust of the provision is to prevent a party from being "railroaded" by "premature motions." Id. The provision is not intended, however, as a way for the nonmovant to stave off summary judgment by returning to the wishing well of discovery. Thus, extending discovery under 56(f) is inappropriate when a party has had ample time for discovery or when it has failed to immediately bring the discovery problem to the court. See Crawford v. Signet Bank, 179 F.3d 926 (D.C.Cir.1999); Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C.Cir.1996).

In addition, the movant under Rule 56(f) must present an affidavit showing good cause for the relief requested. See e.g. Gualandi v. Adams, 385 F.3d 236, 244 -245 (2d Cir. 2004):

> To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. See Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy, 891 F.2d 414, 422 (2d

Cir.1989). If the district court denies the party's request--even implicitly--we review that decision under an abuse of discretion standard. See Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 167-68 (2d Cir.2003); First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 175 (2d Cir.1998).

In FOIA cases discovery is generally limited to the scope of the search or propriety of the exemption asserted. See, e.g. Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp.2d 19, 25 (D.D.C. 2000)("Discovery may be appropriate when the plaintiff can raise sufficient question as to the agency's good faith in processing or in its search.")(citing Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir.1994); Public Citizen Health Research Group v. F.D.A. 997 F.Supp. 56, 72 (D.D.C.1998)(" Typically, it is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like."). Moreover, " [i]f a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and that plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate." Id. at 72-73 (citing Goland, v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir. 1978).

In the instant case plaintiff has failed to demonstrate that any of the discovery requested is relevant to any genuine material fact concerning this FOIA action, that is, the adequacy of the search and the propriety of the FOIA exemptions asserted. Indeed, it is apparent that plaintiff only seeks discovery to defend against the administrative action taken against him at the prison and to press his claim that he was assaulted at the prison. See e.g. Motion for Production of Documents at p. 1, ¶2 ("The plaintiff plans to show the Court that Plaintiff had been under investigation for some time and that at no time had plaintiff been involved in any illegal activities."); Id. at ¶4 ("These documents will help show. . .that I had been singled out for helping this man. . .and in the end I was locked up and sexually assaulted. . . ."); Motion for Appointment of Counsel at p. 1 (suit is seeking

information for use in civil rights litigation).

The documents requested, i.e. escort trip sheets and hospital trip sheets, Motion for Production of Documents at p. 1 ¶1, have no relevance to the FOIA action. Similarly, the proposed deposition of Investigator Duplessis about plaintiff's allegation that he was assaulted after the requested calls had been made, Notice of Deposition, has no relevance to the search conducted by the United States Attorney's Office or the exemptions applied by EOUSA. Finally, because plaintiff's proposed discovery is inappropriate, there is no need to appoint counsel to represent plaintiff in this matter.

## **CONCLUSION**

Since plaintiff has not sustained his burden of showing good cause why he should be allowed discovery pursuant to F.R. Civ. P. 56(f), his motions for appointment of counsel (Docket #12), for production of documents and request for extension of time . . . (Docket # 13), and for leave to take interrogatories from defendant (Docket #15) should be denied. Additionally, defendant respectfully

asks the Court to quash plaintiff's Notice of Deposition (Docket #14). .

          Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March, 2006, a copy of the foregoing motion was mailed, postage prepaid to plaintiff pro se,

CARL T. SWOPE
R27196-424
DEVENS FEDERAL MEDICAL CENTER
P.O. Box 879
Ayer, MA 01432

                                            Rhonda C. Fields
                                            Assistant United States Attorney