# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL T. SWOPE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2301 (RCL) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, et al., | ) | |
| | ) | FILED |
| **Defendants.** | ) | |

MAR 23 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Plaintiff, proceeding *pro se*, filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants have filed a motion for summary judgment. Plaintiff's response to the motion is due March 31, 2006. Pending before the Court are several motions filed by plaintiff.

Plaintiff has moved for the appointment of counsel. Because plaintiff has been granted leave to proceed *in forma pauperis*, the Court may ask an attorney to represent him. 28 U.S.C. §1915(e)(1). In making such a determination, the Court should take into account:

    (i)     the nature and complexity of the action;

    (ii)    the potential merit of the *pro se* party's claims;

    (iii)   the demonstrated inability of the *pro se* party to retain counsel by other means; and

    (iv)   the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Local Rule 83.11(b)(3).

It is too early in the litigation to determine whether counsel should be appointed. The Court's resolution of defendants' motion may well dispose of the case. Moreover, plaintiff is not entitled

as of right to counsel in a civil case. There are not enough members of the Civil Pro Bono Panel to appoint counsel in each case. Upon consideration of the factors listed in Local Rule 83.11, the Court will deny the motion for appointment of counsel.

Plaintiff has also filed a motion for production of documents, for leave to serve interrogatories on defendants, and for an extension of time to file a response to defendants' summary judgment motion. Discovery is generally unavailable and inappropriate in a FOIA action. *Wheeler v. CIA*, 271 F.Supp. 2d 132, 139 (D.D.C. 2003); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F.Supp. 2d 19, 25 (D.D.C. 2000). Since plaintiff has offered no persuasive reason for departing from this general rule, his discovery motions will be denied.

Plaintiff motion for extension of time of 60 days is based on his assertion that he needs documents from the Bureau of Prisons before he can file his response to the summary judgment. However, the defendants' withholding of documents is one of the issues in this litigation. Plaintiff's motion, therefore, lacks merit. Nevertheless, the Court will grant plaintiff a 30 day extension of time.

Accordingly, it is

ORDERED that plaintiff's motion for the appointment of counsel [#12] is DENIED without prejudice.    It is

FURTHER ORDERED that plaintiff's motion for production of documents and request for extension of time [#13] is GRANTED IN PART and DENIED IN PART. The motion for production of documents is DENIED. The request for an extension of time is GRANTED. Plaintiff's response to defendants' motion for summary judgment is to be filed by May 1, 2006. It is

FURTHER ORDERED that plaintiff's motion for leave of court take interrogatories from

defendants [#15] is DENIED.

Royce C. Lamberth

ROYCE C. LAMBERTH
United States District Judge

Dated: _3/22/06_

-3-