UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL T. SWOPE,                          )
                                        )
        PLAINTIFF,                      )
                                        )       Case No.   05-2301 (RCL)
    -vs-                                )
                                        )       RECEIVED
UNITED STATES DEPARTMENT OF JUSTICE,    )
FEDERAL BUREAU OF PRISONS,              )       APR 12 2006
                                        )
        DEFENDANT(S).                   )       NANCY MAYER-WHITTINGTON, CLERK
                                                    U.S. DISTRICT COURT

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### FOR SUMMARY JUDGEMENT

Comes Now, Carl T. Swope, Plaintiff, and hereby moves this court to deny defendant's motion for summary judgement based on the following reasons:

1. Defendant's cite that the parties called had no knowledge that said telephone calls were being monitored, however, plaintiff has submitted an "Incident Summary Report" stating in part "Mrs. Esposito stated, Swope told her he was calling from his team's office. He stated he told the team he needed an unmonitored legal call and called her instead." Ms. Esposito is well aware of the fact the telephone calls placed on Bureau of prisons telephones are monitored at **all** times. Plaintiff has proven that Ms. Esposito knew telephone calls were indeed monitored. All parties involved excepted calls from plaintiff and could have at any time refused those calls had they so chosen. The defense that privacy is involved should be considered moot as for over a year I had been calling and no one objected to my calling.

2. **Johnson vs Executive Office for United States Attorneys, 317 F.3d 345 (D.C. Cir. 2002);** The agency itself satisfies its duty and obligation to show why documents requested by prisoner under the ("FOIA"), and withheld under the Act's exemptions...by providing a completing and comprehensive Vaughn index and supplemental affidavit of attorney, who conducted line-by-line review of each document withheld and determined that further segregation was not possible.

in this case no Vaughn index was provided to the plaintiff. See also, **Davin vs United States Department of Justice,** 60 F.3d 1043 (3rd Cir. 1995); Hallmark test for Vaughn index is that requester and trial judge be able to derive from the index a clear explanation of why each document or portion of document withheld is putatively exempt from disclosure. Nothing provided from the Defendants can provide this information.

3. Defendant's have submitted two (2) declaration(s) in support of there motion for summary judgement, plaintiff has submitted one (1) in support of denying summarying judgement. Plaintiff feels the declaration provided speaks for itself but will restate for the record that all parties involved had knowledge that all calls were monitored by Bureau of Prison staff (BOP). In fact just a few years earlier Ms. Esposito's farther of her children, Mr. Vincent (The Chin) Gigante, 26071-037, was indicted in federal court for allegingly running the "Mafia" from inside the prison at the Federal Prison in Fort Worth, TX Mr. Gigante lost his right to make phone calls as a result for some time. The Esposito's and the Gigante's both know that BOP phone(s) are monitored.

4. Furthermore, in **United States Department of Justice vs Julian,** 425 U.S. 352, 361 (1976); the United States Supreme Court cautioned that, "the mandate of the FOIA calls for broad disclosure of Government records. See also **Nation Magazine vs United States Custom Service,** 71 F.3d 885 D.C. Cir. 1995); The agency is obligated to interpret the initial FOIA request liberally in favor of disclosure. See **Reporters Committee for Freedom of the Press vs Department of Justice,** 489 U.S. 749 (1989); The United States Supreme Court both noted and acknowledge "the understandable reluctance of Government agencies to part with [requested] information" due to their own institutional interest.

5. The public will be served by the release of this information and no harm will be done, no privacy will be invaded and I have a right to seek justice in this matter, to deny plaintiff of this is an injustice.

6. Plaintiff would also point out to this court that without access to these records they could be forever lost or destroyed by the defendant's thus preventing the plaintiff from ever being able to prove a case in criminal court or from recovering civil damages. Defendants are also in violation of **Title 18 §1001** which states "Whoever, in any matter within the jurisdiction of any department or agency of the U.S. knowingly and willing falsifies, conceals, or covers up by trick, sceme, or device a meterial fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses and false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than five years, or both." Defendants have caused false reports to be issued against me, have sexually assaulted me and have lied to law enforcement investigators to cover up what has taken place. Without the requested documents I may never be able to prove my case and defendants may destroy them.

**WHEREFORE,** all the above reasons and in the interest of justice plaintiff respectfully prays this court to deny defendants motion for summary judgement and allow this case to move forward. Should this court grant summary judgement plaintiff would ask that this court enter an order to the Bureau of Prisons and the Department of Justice ordering them not to destroy the requested audio tapes/records as plaintiff has now filed a <u>Bivens</u> actions in federal court in Boston and is waiting for a case number to be assigned now.

Respectfully submitted,

Carl T. Swope, 27196-424
FMC-DEVENS
Post Office Box 879
Ayer, MA  01432-0879

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was placed in the institutions mailbox, first-class postage pre-paid this 10, day of April, 2006 to:

Ms. Rhonda C. Fields
AUSA
555 Fourth Street, N.W.
Washington, D.C.  20530

Carl T. Swope, 27196-424