UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL T. SWOPE,                           )
                                         )
        PLAINTIFF,                       )
                                         )   Case No.  05-2301  (RCL)
    vs.                                  )
                                         )
UNITED STATES DEPARTMENT OF JUSTICE,     )
FEDERAL BUREAU OF PRISONS,               )
                                         )
        DEFENDANT(S).                    )

RECEIVED

APR 12 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DECLARATION OF CARL THOMAS SWOPE

1. I, Carl T. Swope, do hereby declare that I am the Plaintiff in the above styled cause and case. That I am currently assigned to the Federal Correctional Medical Center in Ayer, MA 01432. That I have direct knowledge as to the allegations set forth in the complaint now pending in this honorable court.

2. Mr. Klotz, states in his "declaration" page 4 ¶8 that at no time was the parties in question aware that the calls being made to them were being monitored by BOP staff. However, Plaintiff can show that this is not true. Plaintiff exhibit -1- SIA Investigative Report, page -1- clearly indicates that: "Mrs. Gigante stated, Swope told her he was calling from his team's office. He stated he told the team he needed an **unmonitored** legal call and called her instead. Gigante's wife stated, she hung the telephone up on Swope at this time."

3. Additional reading will show that the call was to Ms. Esposito, not to Mrs. Gigante as Plaintiffs incident report will set out to show on page 2 of 4 where it states "...Swope made a social call to another inmate's girlfriend (Vincent Gigante, Reg. No. 26071-037) from USMCFP-Springfield."

-1-

4. Mr. Gaylord Gaynor, a Correctional Counselor at the U.S. Medical Center for Federal Prisoners had authorized the call for Plaintiff and had purposefully placed the Plaintiff in a private room with out other staff so the call would be in private. BOP policy requires that staff verify all legal calls by placing the call directly, waiting for the attorney to answer then asking the attorney if he/she wants to speak with the inmate in question. Counselor Gaynor did not do this because he knew who I was calling and did not care. He had authorized calls in the past and had often allowed inmate(s) to place calls when other staff would not allow it. Plaintiff had full approval to place the call in question.

5. Defendants allowed Plaintiff to assist inmate Gigante in the hope Plaintiff would provide them with information about possible criminal activities, however, Plaintiff had nothing to say to the BOP and for almost two (2) years this went on. When prison investigators got tired and realized nothing was to come they restricted phone numbers including Plaintiffs legal numbers, threatened him, placed him in segregation, attempted to get Plainitff to lie against Gigante, and raped Plaintiff. Plaintiff was sexually assaulted by SIS investigator Mark Green, the very man who did the investigation, issued Plaintiff the incident report and tried to get Plaintiff to lie and when this did not work told Plaintiff he would charge Plaintiff with a new charge if Plaintiff did not tell what he wanted to know, when Plaintiff told him he knew nothing Plaintiff was raped. There was no criminal activity to tell SIS.

6. Plaintiff received a response from the U.S. Department of Justice saying they would consider prosecution if Plaintiff would provide more information
Plaintiff is not seeking records for personal reasons but to seek justice.

-2-

7. Mr. Vincent Gigante and his brother Mario Gigante have both been in the BOP and have been for years. I am in fact that the families of these men know that the phones of the BOP are monitored and Vincent Gigante has told me so himself. In addition the Program Statement submitted by the Defendants in the motion for summary judgement clearly shows that the parties in question can refuse to except phone calls if they so choose and that staff have to approve the number to be put on the inmates phone list (why did BOP staff approve Vincent Gigants family and doctor to be on my approved phone) I did nto know these people prior to my incarceration and they are not my family, and written documentation must be sent to the party advising them that a person has requested them to be added to a approved phone list in order to call them. All parties involved in this case knew who I was and that I was calling and that the calls were monitored.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 15th, day of March 2006.

Carl T. Swope. 27196-424<br>
Post Office Box 879<br>
Ayer, MA  01432-0879

-3-

DOJ SENSITIVE - FOI EXEMPT - FOR OFFICIAL USE ONLY

## SIA Investigative Report

SPG Case No.: SPGI- 045-05

| | |
|---|---|
| Incident: | CIRCUMVENTING MAIL AND TELEPHONE MONITORING PROCEDURES |
| Institution/Location: | USMCFP, Springfield, MO |
| Assigned Investigator: | M. W. Green, SIS Technician     05-24-2005 |
| WARDEN: | Robert E. Mcfadden, Warden     6/3/05 |

## Incident Summary

From February, 22, 2005 through May 05, 2005, inmate Carl Swope Register Number 27196-424 placed various telephone calls on the ITS system, to 314-241-2600, Attorneys at Law Hinshaw and Culbertson. During these telephone calls Swope talked with Attorney Teresa Drew and her Assistant Lisa Petrie. The conversations were of a personal nature regarding other inmate's personal information, use of Swope's website, and setting Swope up with a charge card. During these telephone calls, Swope explains some information and states he will relay the rest of the information to them during a unmonitored legal call, because the ITS phones are monitored. Swope states, during these phone calls, he sends the Attorney's office personal letters in sealed Legal Mail for them to forward on to various third parties. The Attorney's office forwards information on to third parties for Swope and Swope receives third party non-legal correspondence in packets marked as Legal Mail. On May 4, 2005 Inmate Vincent Gigante Register Number 26071-037, placed a telephone call to his wife. Gigante's wife was upset because Swope had called her cell phone, the call was not a standard inmate telephone call. The call came direct without the message stating it was from a Federal Prison. Mrs. Gigante stated, Swope told her he was calling from his team's office. He stated he told the team he needed an unmonitored legal call and called her instead. Gigante's wife stated, she hung the telephone up on Swope at this time.

*NOT HIS WIFE BUT MS. ESPOSITO.*

-1-

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

| INSTITUTION | USMCFP-SPRINGFIELD | INCIDENT REPORT NUMBER | 1345993 | | |
|---|---|---|---|---|---|
| INMATE | SWOPE, CARL | REG | 27196-424 | UNIT | MEDICAL |
| DATE OF INCIDENT | VARIOUS | DATE OF INCIDENT REPORT | 05-27-2005 | | |
| OFFENSE CODE(S) | 297, 410 | | | | |
| SUMMARY OF CHARGES | USE OF THE TELEPHONE FOR ABUSES OTHER THAN CRIMINAL ACTIVITY<br>UNAUTHORIZED USE OF MAIL | | | | |

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)   05-27-2005   at (time)   1305   (by staff member)   W. STEELE, LT.

B. The DHO Hearing was held on (date)   06-16-2005   at (time)   0900

C. The inmate was advised of his/her rights before the DHO by (staff member):

G. GAYNOR, COUNSELOR   on (date)   06-01-2005   and a copy of the advisement of rights form is attached.

### II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|
| B. Inmate requested staff representative and | S. GALLENTINE | | | appeared. |

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

The non-legal mail charge should be thrown out for lack of proof. He was sending legal material to this attorney and other attorney's. We cannot prove that this was not legal material. There are no dates on these phone calls. The only dates is May 4, 2005 and they wrote the shot on May 27, 2005. They did not write the incident report within 24 hours after May 4, 2005. There was no reason to wait until May 27, 2005 to write the incident report. The whole incident report should be thrown out due to time limits.

### III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS

| | | | | | |
|---|---|---|---|---|---|
| The code of federal regulations does not define what constitutes legal mail. You could send a Christmas card as legal mail. On May 24, 2005, I did not tell Mr. Green that on May 4, 2005, I lied to my correctional counselor at USMCFP-Springfield to get an unmonitored legal call and then called inmate Gigante's girlfriend. | | | | | |
| C. Witness(es): | | | | | |
| 1. The inmate requested witness(es). | | Yes: | | No: | X |
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) | | | | | |
| N/A | | | | | |
| 3. The following persons requested were not called for the reason(s) given. | | | | | |
| N/A | | | | | |
| 4. Unavailable witnesses were requested to submit written | | Yes | No | N/A | X |
| D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: | | | | | |
| SIA INVESTIGATIVE REPORT DATED MAY 24, 2005 | | | | | |
| E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: | | | | | |
| N/A | | | | | |

**IV. FINDINGS OF THE DHO**

| | | |
|---|---|---|
| | A. The act was committed as charged. | |
| X | B. The following act was committed: | Code 297 |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

For the following reasons, the DHO finds that inmate Swope committed the prohibited act of Use of the Telephone for Abuses Other than Criminal Activity (Circumventing Telephone Monitoring Procedures), Code 297:

Mr. Green reports that after completing an investigation on May 27, 2005, he determined that inmate Swope circumvented the telephone monitoring procedures at USMCFP-Springfield because on May 24, 2005, inmate Swope told him that on May 4, 2005, he lied to his correctional counselor about wanting to make an unmonitored legal call on a government telephone line to an attorney when, in fact, inmate Swope made a social call to another inmate's girlfriend (Vincent Gigante, Reg. No. 26071-037) from USMCFP-Springfield.

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

Mr. Green further reports that after monitoring a telephone call made from inmate Gigante from USMCFP-Springfield to his wife on May 4, 2005, inmate Gigante's wife confirmed that inmate Swope lied to his correctional counselor at USMCFP-Springfield about wanting to make a unmonitored legal call on a government telephone line to an attorney when, in fact, he made a social call to her on May 4, 2005.

The DHO is aware that social calls from inmates at USMCFP-Springfield are monitored by the inmate telephone system.

The DHO believes that when inmate Swope lied to his correctional counselor about wanting to make a unmonitored legal call on a government telephone line to an attorney but made a social call to another inmate's wife from USMCFP-Springfield on May 4, 2005, inmate Swope circumvented the telephone monitoring procedures at USMCFP-Springfield because he made this telephone call on a government telephone line and the DHO is aware that legal calls on a government telephone line are not monitored by staff members at USMCFP-Springfield.

Although inmate Swope's staff representative claimed at the DHO hearing that this incident report should have been written on or about May 4, 2005, and not May 27, 2005, this was an ongoing investigation as outlined in the SIA Investigative Report dated May 24, 2005, because inmate Swope was involved in some unscrupulous type of behavior at USMCFP-Springfield and Mr. Green was convinced on May 27, 2005, at approximately 8:30 a.m., inmate Swope had violated the rules at USMCFP-Springfield from February 2005 thru May 2005.

Although inmate Swope claimed at the DHO hearing that on May 24, 2005, he did not tell Mr. Green that he lied to his correctional counselor at USMCFP-Springfield on May 4, 2005 about wanting to make an unmonitored legal call to an attorney when, in fact, inmate Swope made a social call to another inmate's girlfriend from USMCFP-Springfield, the DHO believes Mr. Green's statements (inmate Swope told him on May 24, 2005, that he did in fact request an unmonitored legal phone call from his correctional counselor at USMCFP-Springfield on May 4, 2005, and he called another inmate's girlfriend from USMCFP-Springfield) over inmate Swope's statement (on May 24, 2004, he did not tell Mr. Green that on May 4, 2004, he lied to his correctional counselor at USMCFP-Springfield to get an unmonitored legal call and then called inmate Gigante's girlfriend) because BOP staff members have a moral and legal obligation to submit truthful and accurate statements in inmate disciplinary matters. Additionally, this was confirmed by Mr. Green when he was monitoring a telephone call between inmate Gigante and his wife on May 4, 2005.

### VI. SANCTION OR ACTION TAKEN

Disallow 27 Days Good Conduct Time
30 Days Disciplinary Segregation
Loss of Telephone Privileges or 2 Years
Correspondence Restriction for 2 Years

### VII. REASON FOR SANCTION OR ACTION TAKEN

Use of the Telephone for Abuses Other than Criminal Activity (Circumventing Telephone Monitoring Procedures) is a serious offense which cannot be tolerated within the confines of a correctional facility. Such an act seriously disrupts the security and orderly operation of the

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

| institution and hinders staff in their ability to control and supervise their area of responsibility. The sanctions were imposed to impress upon the inmate the seriousness of his actions and hopefully deter him from such actions in the future. |||||
|---|---|---|---|---|
| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. |||||
|  | Yes |  | X | No |
| IX. DISCIPLINE HEARING OFFICER |||||
| Printed Name of DHO | Signature of DHO || Date ||
| Steve Thomas | St— Thomas || 6-23-2005 ||
| Report delivered to inmate by: [signature] | DATE || TIME ||
| (This form may be replicated in WP) | July 19, 2005 || 2:35 p ||
|  |  | Replaces BP-304(52) of JAN 88 |||