UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL T. SWOPE, | ) | |
|         Plaintiff, | ) | |
| v. | ) | Case No. 05-2301 (RCL) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, et al. | ) | |
|         Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully submit this reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Opposition").

**A. The material facts submitted by defendant should be deemed admitted.**

Local Rule 7(h) provides:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. **An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule.** In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(Emphasis added). "If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should instead . . . deem as admitted the moving party's Rule [7(h)] statement." Securities and Exch. Comm'n v. Banner

Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Defendants' Motion for Summary Judgment, Document 10-1 at fn 1, and the Court's *Fox/Neal* Order, Document 11, both advised plaintiff of the requirements for opposing a summary judgment motion.

Plaintiff has filed a response and an affidavit in which he does not identify any facts in defendants' statement of material facts which he disputes.

Therefore, defendants' statement of material facts should be deemed admitted.

**B.    Summary Judgment should be granted in defendants' favor.**

In Celotex, the Supreme Court explained that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). When the moving party meets this initial obligation, the nonmoving party may not rest on mere allegations, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

The Supreme Court also has stated that some weighing of the evidence is appropriate at the summary judgment stage. Specifically, the Court noted that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for trial.'" Id. (quoting Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, 477 U.S. 242 , 249-50 (citations omitted). The party opposing summary judgment "must do more than simply show

that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1] See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980).

Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA,

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

"Summary judgement is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985.) Agencies establish that all of their obligations under the FOIA have been met through declarations and Vaughn indices. The declaration in this matter was provided by an individual familiar with the steps taken by the Federal Bureau of Prisons (BOP) in response to plaintiff's FOIA request. Since the declaration in this matter demonstrates that the agency has met its obligations under the FOIA, and the pleadings, supplemented by this declaration, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. See Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

In the instant matter the plaintiff does not dispute that the defendants performed an adequate and reasonable search in response to his request. His contentions appear to be 1) that the third parties have no privacy interest in the conversations at issue because they knew their telephone calls were being monitored, 2) that there is a public interest in providing the tapes to plaintiff for his use in pursuing criminal and civil/Bivens actions, and 3) that a Vaughn index should have been provided.

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Plaintiff does not dispute that the BOP is a law enforcement agency or that the tapes were compiled for a law enforcement

4

purpose.  Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files.  See, e.g., U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' Department of Air Force v. Rose, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested."  Reporter's Committee, 489 U.S. at 772 (internal quotation marks omitted).  Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve."  Id. at 775.  That public interest is to "shed[] light on an agency's performance of its statutory duties."  Id. at 772.  The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests."  Perrone v. FBI, 908 F. Supp. 24, 27 (D.D.C. 1995), citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial."  SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C.

Cir.1991). Our court of appeals has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." SafeCard Services, 926 F.2d at 1206. With regard to other information of a private nature, the balancing test comes into play.

Here, the documents at issue are taped recordings of conversations between plaintiff and other third party individuals. In his complaint, plaintiff indicated that he sought the recorded conversations to challenge BOP administrative action in removing the two telephone numbers from his list of authorized calls and transferring him to another facility. Complaint at ¶ 5. He now asserts that he needs the telephone calls to pursue criminal or civil/Bivens actions against BOP personnel. Plaintiff's Opposition at p. 2-3. A FOIA requester's private need for information in connection with litigation plays no part in whether disclosure is warranted. See Burge v. Eastburn, 934 F.2d 577, 530 (5th Cir. 1991) (requester's need, however, significant, does not warrant disclosure); Thomas v. Office of United States Attorney, 928 F. Supp. 245, 251 (E.D.N.Y. 1996) (holding prisoner's personal interest in information to challenge his conviction "does not raise FOIA-recognized interest that should be weighed against the subject's privacy interest); Monaco v. Department of Justice, et al., Civil Action No. 02-1843 (EGS) (Mem. Op.) (Sept. 24, 2003) (plaintiff seeking prison tape recordings failed to articulate a public interest and Court held that plaintiff's showing is insufficient when "[t]he only member of the public who would benefit from the release of the recorded call is plaintiff himself.").

The BOP properly weighed the privacy rights of third parties in its non-disclosure decision. Kosiak Dec. at ¶¶ 16-17, 19-20. Plaintiff makes only conclusionary statements that

the recipients of his calls knew that the calls were being monitored.  Plaintiff's response at ¶1. However, even if there were knowledge that the calls were monitored, that does not diminish the third parties' privacy interest in the disclosure of the conversations to the public.

Providing the recorded telephone conversations could provide the plaintiff with an opportunity to alter the recordings which could then be used to the detriment of the other party's reputation.  Also, release of recorded telephone conversations could stigmatize the reputation of an individual mentioned in a law enforcement file. Kosiak Dec. at ¶19.  A further step in determining whether there would be a "clearly unwarranted invasion of personal privacy" is to balance the interests of protecting an individual's privacy and the public's right to information concerning the operation or activities of the government.  In this case, release of the taped telephone conversations between the plaintiff and a third party will in no way shed light on any government activities.  The alleged false statements and assault against plaintiff occurred after the taped conversations.   Plaintiff has not even alleged what relevance the contents of the conversations with third parties have to proof of his allegations.  The privacy rights of the third parties, who have not given consent for the release of their voices and conversation to the public, far outweigh any public interest in the release of the tapes.  In fact, the only interest that would be served by the release of the tapes would be the plaintiff's. Id. at ¶20.  Therefore, the tapes were legitimately withheld under Exemption (b)(7)(C).

A Vaughn index is not required in this matter.  See, Judicial Watch v. USPS , 297 F. Supp. 2d 252, 257 (D.D.C.,2004) ("An agency's failure to provide a Vaughn Index is not, by itself, reason to reject a claim of exemption. . . .  An agency may submit materials in " 'any form,' " including an affidavit or oral testimony, " 'so long as they give the reviewing court a

reasonable basis to evaluate the claim of privilege.' . . . Indeed, an agency need not provide document-by-document information if what it provides is " 'sufficiently distinct to allow a court to determine . . . whether the specific claimed exemptions are properly applied.' ")(citations omitted). Here the declarations submitted supply the Court with sufficient information to determine that Exemption 7(c) was applied properly to the conversations.

    The tapes also were properly evaluated for segregability.  Plaintiff does not dispute that BOP did not make verbatim transcripts of the conversations, or that BOP does not have the technical capability to edit out portions of a conversation because the conversations were saved into a ".wav" computer format.  Kosiak Dec. at ¶18.  Thus, BOP does not have the technical capacity to edit the calls at issue to segregate out plaintiff's portion of the calls.

    An agency is not required to purchase new equipment in order to process a FOIA request. See  Spannaus v. C.I.A.,  841 F.Supp. 14, 18 (D.D.C.1993); Burns v. United States Dep't of Justice, C.A.No. 99-3173, slip op. at 2 (D.D.C. Feb. 5, 2001).  Thus, defendant cannot reasonably segregate because it cannot edit the conversations.

    Finally, plaintiff asks the Court to enter an order directing the Bureau of Prisons not to destroy the requested audio files because he has filed a Bivens action in Boston.  Plaintiff has not met his burden of showing that this Court has jurisdiction to issue such an order pursuant to FOIA.  FOIA provides that the Court "has jurisdiction to enjoin the agency from withholding records [improperly] and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. §552 (a)(4)(B); Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).  Defendants have not improperly withheld documents, and the relief requested is not encompassed within the Court's jurisdiction under FOIA.  Thus,

plaintiff's request should be denied.

## CONCLUSION

The defendants have demonstrated that DOJ and its sub-component, BOP, as set forth in this reply and the summary judgment motion, have properly responded to plaintiff's FOIA request and have established that no information was improperly withheld. Accordingly, the Court should grant defendants' motion for summary judgment.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 20th day of April, 2006, a copy of the foregoing Reply was mailed, postage prepaid to plaintiff pro se,

CARL T. SWOPE
R27196-424
DEVENS FEDERAL MEDICAL CENTER
P.O. Box 879
Ayer, MA 01432
.

      Rhonda C. Fields
      Assistant United States Attorney