## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CARL T. SWOPE,**

     **Plaintiff,**

        **v.**                                **Civil Action No.  05-2301 (RCL)**

**UNITED STATES DEPARTMENT OF JUSTICE, et al.,**

     **Defendants.**

## MEMORANDUM OPINION

Plaintiff, a federal inmate proceeding *pro se*, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.  He seeks copies of recorded telephone conversations between him and third parties that are in the possession of the Bureau of Prisons ("BOP").  Defendants have filed a motion for summary judgment and plaintiff has opposed the motion.  Because the record demonstrates that the BOP properly withheld the requested records under the FOIA, defendants' motion will be granted.

### Background

On May 1, 2005, plaintiff submitted a FOIA request to the BOP for copies of all telephone conversations he made from the Medical Center for Federal Prisoners in Springfield, Missouri ("FMC-Springfield") to telephone numbers (732) 441-0230 and (212) 744-6324.  Complaint ("Compl."), Ex. 3.  The BOP located 45 calls from plaintiff to those numbers.  Defendant's Motion for Summary Judgment ("Defts.' Mot."), Declaration of Daryl J. Kosiak ("Kosiak Decl."), ¶ 7 & Attachment A.  On May 31, 2005, the BOP informed plaintiff that it was withholding the

records pursuant to FOIA Exemption 7(A) because disclosure would interfere with pending law enforcement proceedings, and under Exemption 7(E) on the ground that disclosure would reveal investigative techniques and procedures. *Id.*, ¶ 11 & Attach. D.

On June 10, 2005, plaintiff appealed this decision to the Office of Information and Privacy ("OIP"). *Id.*, ¶ 12 & Attach. E. The OIP determined that the records were exempt from disclosure pursuant to FOIA Exemption 7(C) because plaintiff did not have consent from the other party to the conversation and to release the other party's portion of the conversation would constitute an unwarranted invasion of personal privacy. *Id.,* ¶ 13 & Attach. F. The OIP also informed plaintiff that the exempt and non-exempt portions of recorded conversations could not be reasonably segregated. *Id.* Plaintiff then filed this action.

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

*Discussion*

Adequacy of the Agency Search

In order to obtain summary judgment on the issue of the adequacy of a FOIA search, an

agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Id*. at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The search here was adequate.  The BOP records all calls on the Inmate Telephone System ("ITS") and as a general rule maintains the recorded conversations for 180 days.  Kosiak Decl., ¶ 5.  The BOP does not transcribe the conversations.  *Id.*, ¶ 7.  The calls requested by plaintiff were recorded in an electronic digital audio format.  *Id.*, ¶ 18 n. 2.  In response to a FOIA request, the relevant BOP institution conducts a search of the inmate's telephone record using his register number, telephone numbers called and, if specified, the date and/or time frame of the calls.  *Id.*, ¶ 6.

The BOP personnel at FMC-Springfield, where plaintiff is incarcerated, responded to plaintiff's FOIA request by conducting a search for the telephone conversations using plaintiff's

register number.  *Id.*  The search yielded 45 telephone calls made between October, 2004 and

April, 2005. *Id.*, ¶ 7.  These calls had not been destroyed under the BOP's 180 day policy because

plaintiff was under investigation at the time for misuse of mail and telephone usage.  *Id.*

      The BOP has provided sufficient evidence to demonstrate that its search was adequate.

The search produced the records requested by plaintiff.  He has not alleged that the search was

inadequate.  Thus, the Court finds the BOP's search in response to plaintiff's FOIA request to be

adequate and in compliance with the agency's obligations under the statute.

Exemption 7(C)

      Defendants rely on FOIA Exemption 7(C) to justify withholding the recording of the

telephone conversations.   This exemption concerns the privacy interests of third parties and

requires the Court to balance such privacy interests against the public interest in disclosure of

the records.  *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004);

*United States Dep' t of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749,

773-75 (1989). Exemption 7(C) of the FOIA protects from mandatory disclosure records

compiled for law enforcement purposes to the extent that disclosure " could reasonably be

expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C).

In order to properly withhold materials under this exemption, two components must be

satisfied: (1) the materials are law enforcement records; and (2) disclosure of the materials

would involve an invasion of a third party's privacy.  *See Pratt v. Webster*, 673 F.2d 408, 413

(D.C. Cir. 1982).

      The BOP is a law enforcement agency.  Kosiak Decl., ¶  8.  The BOP has the law

enforcement function of protecting inmates, staff, and the community.  *Id.*  Inmate telephone

-5-

calls are monitored to preserve the security and orderly management of the institution and to protect the public. *Id.*, ¶ 9. Therefore, such telephone recordings are the functional equivalent of law enforcement records for purposes of Exemption 7(C).

The BOP refused to release the recorded conversations because to do otherwise would invade the privacy of third parties. Plaintiff contends that the third parties waived any expectation of privacy because they were aware that the telephone calls were being monitored by the BOP.

When a party calls an inmate at a BOP institution, he or she is not notified that the call is monitored. Defts.' Mot., Declaration of Craig R. Klotz (" Klotz Decl."), ¶ ¶ 8-9. Even if plaintiff' s contention that one of the parties on the requested conversations was aware of the monitoring of the calls were true, it would not negate the third party' s privacy rights under the FOIA. First, in cases involving personal data on private citizens in law enforcement records, " the privacy interest … is at its apex." *Reporters Comm.*, 489 U.S. at 780. An individual who was a party to a telephone conversation has a privacy interest in a recording of that conversation. *See Pendergrass v. U.S. Dep' t of Justice,* 2005 WL 1378724 (D.D.C. June 7, 2005) at *4; *McMillian v. Fed. Bureau of Prisons*, No. 03-1210 (D.D.C. July 23, 2004), *slip op.* at 12. The fact that there might have been a prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. *See Favish*, 541 U.S. at 171; *Kimberlin v. Dep' t of Justice*, 139 F.3d 944, 949 (D.C. Cir.), *cert. denied*, 525 U.S. 891 (1998); *Edmonds v. FBI*, 272 F. Supp. 2d 35, 53 (D.D.C. 2003).

Plaintiff also argues that disclosure of the conversations is necessary to assist him in pursuing possible legal action against the BOP. In determining whether Exemption 7(C) applies

to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984). Once a privacy interest is identified under Exemption 7(C), the FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Favish*, 541 U.S. at 172.

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C). *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999)(quoting *Davis*, 968 F.2d at 1282). In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *See Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999). The requestor must provide evidence that would warrant a belief by a reasonable person that government impropriety might have occurred. *Favish*, 541 U.S. at 174.

Plaintiff does not allege that the BOP engaged in misconduct or identify a public interest in disclosure that outweighs the privacy interests of the third parties. Instead, plaintiff asserts that he has a private interest in access to the recordings. The fact that plaintiff seeks the information to advance a private agenda, however, is irrelevant. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005)(plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*,

126 S.Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003)(no

public interest in disclosure of information to assist plaintiff in challenging conviction).

Therefore, defendants properly withheld the recordings under Exemption 7(C).

<u>Segregability</u>

Under the FOIA, if a record contains information that is exempt from disclosure,

any reasonably segregable information must be released after deleting the exempt portions,

unless the agency can demonstrate that the non-exempt portions are inextricably intertwined with

exempt portions. *Assassination Archives and Research Ctr. v. CIA*, 334 F.3d 55, 57-58

(D.C. Cir. 2003); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022,

1026-27 (D.C. Cir. 1999); *see also* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a

record" must be provided "after deletion of the portions which are exempt."). As a result, before

withholding a document in its entirety, the agency must demonstrate that it cannot segregate the

exempt material from the non-exempt and disclose as much as possible. *See Summers v. Dep't*

*of Justice*, 140 F.3d 1077, 1081 (D.C. Cir. 1998); *Kimberlin*, 139 F.3d at 949. The Court errs if it

"simply approve[s] the withholding of an entire document without entering a finding on

segregability, or the lack thereof." *Powell v. U. S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4

(D.C. Cir. 1991) (citation omitted).

The non-exempt portions of the records at issue here are plaintiff's end of the telephone

conversations. The  BOP asserts that it cannot segregate this information because it lacks the

technical capability. Kosiak Decl., ¶ 18.   Telephone calls made in the Inmate Telephone System

are saved on computer files in a digital audio file format. *Id.*  The BOP only has the capability to

edit call records that are on a cassette tape. *Id.*  Since the BOP's current system cannot download

the computer files to a cassette tape, plaintiff's portion of the telephone conversations cannot be segregated. *Id.*

Having reviewed the Kosiak declaration, the Court concludes that the exempt and non-exempt portions of the telephone conversations could not be reasonably segregated. Defendants have explained with sufficient specificity why the information is not segregable. The declaration demonstrates that the BOP "undertook an analysis to determine what, if any, non-confidential information could be released." *Edmonds*, 272 F. Supp. 2d at 57. Given these facts, the Court concludes that defendants have "carefully and methodically sought to respect the principle 'that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.'" *Canning v. Dep't of Justice*, 848 F. Supp. 1037, 1049 n. 2 (D.D.C. 1994)(quoting *Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir. 1992)).

*Conclusion*

For the reasons stated herein, the Court concludes that the BOP's withholding of the telephone conversations was proper without the consent of the third party and exempt from disclosure under Exemption 7(C) of the FOIA. Accordingly, the Court will grant defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is issued separately on this same date.

                       /s/
                  ROYCE C. LAMBERTH
                  United States District Judge

Dated: July 3, 2006